**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**IN RE:**

**JACK CARROLL STRANGE JR. AND ROBYN LYN MILLER-STRANGE**

***Debtors*.**

**Bankruptcy Case No. 22-50678-CAG**

---

**AIDA MARGARITA NELSON,**

***Appellant*,**

**v.**

**JOHN PATRICK LOWE, CHAPTER 7 TRUSTEE,**

***Appellee*.**

**Case No. 5:24-CV-00995-JKP**

**JACK CARROLL STRANGE JR. AND ROBYN LYNN MILLER STRANGE,**

***Appellants*,**

**v.**

**JOHN PATRICK LOWE, CHAPTER 7 TRUSTEE,**

***Appellee*.**

**Case No. 5:24-CV-01003-JKP**

**(Consolidated Appeals from Memorandum Opinion and Judgment in Adversary Proceeding No. 23-05041-CAG)**

---

**MEMORANDUM OPINION AND ORDER**

On this date, the Court considered the above-captioned appeals from the United States Bankruptcy Court for the Western District of Texas. The subject of these appeals is the Bankruptcy Court's Memorandum Opinion and Judgment granting relief to Plaintiff/Appellee Trustee John Patrick Lowe after a bench trial. Adv. No. 23-05041, *ECF Nos. 47, 50*. For the reasons stated, the decisions of the Bankruptcy Court are affirmed.

**BACKGROUND**

The above-referenced adversary proceeding stems from the Chapter 7 bankruptcy case of Debtors/Defendants/Appellants Jack Carroll Strange Jr. and Robyn Lynn Miller-Strange ("Appellant Jack Strange") ("Appellants Jack Strange and Robyn Lynn Miller-Strange"). *See* Case No. 22-50678; Adversary No. 23-05041.

In the adversary proceeding, Plaintiff/Appellee Trustee John Patrick Lowe initiated his Amended Complaint under 11 U.S.C. § 544 and 11 U.S.C. § 550, bringing a claim for fraudulent transfer of property[1] (the "Transferred Property") against Appellants Jack Strange and Robyn Lynn Miller-Strange and Defendant/Appellant Aida Margarita Nelson ("Appellant Nelson"). *ECF No. 3-2 at 301*. The Court reproduces below the stipulations of fact pursuant to the Joint Pre-Trial Order, included in the Bankruptcy Court's Memorandum Opinion. *ECF No. 3-2 at 299–305*.

[1] "Being a tract or parcel of land containing 4.0197 acres, more or less, being a portion of Original Lot 265, city of Pleasanton, a city in Atascosa County, Texas, along with and in addition to, Lots One (1) through Six (6), Block Three (3), and the East half (E/2) of Second Street, Spradlin Addition, an addition to the City of Pleasanton, according to the map or plat thereof, recorded in Sheet 16-A, New Plat Cabinet, Plat records of Atascosa County, Texas, along with and in addition to, Lots Twenty-Four (24), Twenty-Five (25), Twenty-Six (26), Twenty-Seven (27), and Twenty-Eight (28), Dalton Street, and a portion of Franks Street, Greenfield Addition, an addition to the City of Pleasanton, according to the map or plat thereof, recorded in Sheet 55-A, new Plat Cabinet, Plat records of Atascosa County, Texas." *ECF No. 3-2 at 318*.

On August 10, 2016, both Appellant Jack Strange and his friend and business partner David Nelson, Jr. ("Davey Nelson"), purchased the Transferred Property via a cash warranty deed from the Golden Peanut Company. *ECF No. 3-2 at 302*.

On February 27, 2017, Appellant Jack Strange and Davey Nelson procured a market value appraisal on the Transferred Property from the Southwest Appraisal Group for $670,000 ("Southwest Appraisal"). *Id*.

On November 3, 2017, Appellant Jack Strange submitted a Commercial Loan Application to Security State Bank ("SSB"). *Id*. Jeff Brymer, owner of Creditor Used Cars, Inc. is a member of the Board of Directors of SSB. *Id*. On November 27, 2017, SSB requested a property appraisal of the Transferred Property which showed a market value of $950,000.00 ("Flato Appraisal"). *Id*.

On January 24, 2018, Appellants Jack Strange and Robyn Lynn Miller-Strange and their auto company entered into a loan agreement with Creditor Used Cars, Inc. for a line of credit in the amount of $400,000.00. *ECF No. 3-2 at 303*.

On June 13, 2018, Davey Nelson and his wife deeded the Transferred Property to Appellants Jack Strange and Robyn Lynn Miller-Strange, without reservation of ownership interest or rights recited in the deed. *Id*. Also on June 13, 2018, Appellant Jack Strange executed a promissory note payable to SSB secured by the Transferred Property. *Id*. At this time, Appellants Jack Strange and Robyn Lynn Miller-Strange and their auto company were not in default with Creditor Used Cars, Inc. *Id*.

On or about July 31, 2018, Appellants Jack Strange and Robyn Lynn Miller-Strange closed their auto company. *Id*.

On November 14, 2018, Creditor Used Cars, Inc. sent Appellants Jack Strange and Robyn Lynn Miller-Strange and their auto company a demand letter. *Id*.

Less than a week later, on November 20, 2018, Appellant Jack Strange met with Jeff Brymer, indicating he needed more time to obtain another loan to pay his past due payments to Creditor Used Cars, Inc. *Id*.

On December 11, 2018, without informing Creditor Used Cars, Inc., Appellants Jack Strange and Robyn Lynn Miller-Strange deeded the Transferred Property to Appellant Nelson for $300,000, an amount at least one-third the amount of its value as determined by the Flato Appraisal and forty-five percent (45%) of the Southwest Appraisal. *Id*. Appellant Nelson is Davey Nelson's stepmother. *See ECF No. 3-2 at 248, 608*.

On December 12, 2018, Creditor Used Cars, Inc. filed a state court petition against Appellants Jack Strange and Robyn Lynn Miller-Strange and their auto company in the lawsuit styled Used Cars, Inc. vs. South Texas Lending Services, LLC DBA South Texas Auto Brokers, Jack C. Strange Jr. and Robyn L. Miller-Strange, Jr., Cause No. 18-12-00471CVF, in the 81st Judicial District of Frio County, Texas. *Id*. Then on July 11, 2019, a state court judgment was rendered in favor of Creditor Used Cars, Inc. against Appellants Jack Strange and Robyn Lynn Miller-Strange in the amount of $302,076.73 ("the $302,076.73 Judgment"). *Id*.

When Creditor Used Cars, Inc. learned of the Transferred Property it filed a Fraudulent Transfer lawsuit against Appellants Jack Strange and Robyn Lynn Miller-Strange in Cause No. 19-12-1059-CVA styled Jack C. Strange, Jr., and Robyn L. Miller-Strange, Jr. (as Defendant Judgment Debtors) and Aida Margarita Nelson (as Defendant Transferee) in the 81st/218th District Court of Atascosa County, Texas (the "Fraudulent State Court Lawsuit"). *ECF No. 2-3 at 304*.

On June 26, 2022, the eve of the trial of the Fraudulent State Court Lawsuit, Appellants Jack Strange and Robyn Lynn Miller-Strange filed for Chapter 7 bankruptcy protection. *Id*. Plaintiff/Appellant John Patrick Lowe was appointed the Chapter 7 trustee. *Id*.

Appellants Jack Strange and Robyn Lynn Miller-Strange did not list the Fraudulent State Court Lawsuit in their bankruptcy Schedules and Statement of Financial Affairs that they signed under oath, nor have amended them since. *Id*.

Creditor Used Cars, Inc. timely filed its proof of claim in Appellants Jack Strange and Robyn Lynn Miller-Strange's bankruptcy case based on its $302,076.73 Judgment without objection by Appellants Jack Strange and Robyn Lynn Miller-Strange. *Id*.

Next, Creditor Used Cars, Inc. filed an Adversary Complaint to Determine Dischargeability of its claim identified in the proof of claim. *Id*. Again, Appellants Jack Strange and Robyn Lyn Miller-Strange did not object and failed to plead or otherwise defend against Creditor Used Cars, Inc.'s Complaint. *Id*. Creditor Used Cars, Inc. obtained a default judgment with a finding that its claim is nondischargeable debt. *Id*.

On March 9, 2023, Appellants Jack Strange and Robyn Lyn Miller-Strange received a bankruptcy discharge. *Id*. Subsequently, Creditor Used Cars, Inc. filed a Motion to Lift Stay in order to proceed with the Fraudulent State Court Lawsuit. *Id*. Because Appellants Jack Strange and Robyn Lynn Miller-Strange did not list the Fraudulent State Court Lawsuit in their bankruptcy schedules, the Trustee did not learn about it until Creditor Used Cars, Inc.'s Motion to Lift Stay was filed. *Id*.

On May 4, 2023, the Trustee removed the Fraudulent State Court Lawsuit to the Bankruptcy Court under Adversary No. 23-05041, and on June 12, 2023, filed his Amended Complaint as Plaintiff seeking to recover the Transferred Property transferred from Appellants Jack

Strange and Robyn Lynn Miller-Strange to Appellant Nelson for the benefit of all the unsecured creditors, under 11 U.S.C. § 544 and 11 U.S.C. § 550. *Id*.

The Bankruptcy Court held a bench trial on this matter on April 23, 2024, and on July 9, 2024, the Bankruptcy Court entered a Memorandum Opinion granting relief to Plaintiff/Appellee Trustee John Patrick Lowe. Adv. No. 23-05041, *ECF No. 47*. On July 16, 2024, the Court issued its Final Judgment. *Id.*, *ECF No. 50*.

The Bankruptcy Court found that under the Texas Uniform Fraudulent Transfers Act ("TUFTA"), Tex. Bus. & Com. Code § 24.001 *et seq.*, as incorporated into Bankruptcy Code § 544, Appellants Jack Strange and Robyn Lynn Miller-Strange fraudulently transferred the Transferred Property to Appellant Nelson. *Id.*, *ECF No. 47*. Pursuant to Bankruptcy Code § 550, the Bankruptcy Court awarded Plaintiff/Appellee Trustee John Patrick Lowe a money judgment in the amount of $300,000 plus fees and costs from Appellant Nelson. *Id*., *ECF No. 50*.

On September 4, 2024, Appellants Jack Strange and Robyn Lynn Miller-Strange and Appellant Nelson, respectively, filed Notices of Appeal. Adv. No. 23-05041, *ECF Nos. 70*, *72*.

**STANDARD OF REVIEW**

District courts have jurisdiction to hear appeals "from final judgments" of bankruptcy courts. 28 U.S.C. § 158(a); *In re Berman-Smith*, 737 F.3d 997, 1000 (5th Cir. 2013) (per curiam). In reviewing a bankruptcy court's final judgment, a district court sits "as an appellate court," reviewing the "bankruptcy court's factual findings for clear error and its conclusions of law *de novo*." *BVS Constr., Inc. v. Prosperity Bank*, 18 F.4th 169, 172 (5th Cir. 2021).

**ANALYSIS OF ISSUES ON APPEAL**

**I. Appellant Nelson**

The issues raised by Appellant Nelson in her brief are:

A. Whether the Bankruptcy Court erred in finding that the transfer of property between Appellants Jack Strange and Robyn Lynn Miller-Strange and Appellant Nelson was fraudulent;

B. Whether the Bankruptcy Court erred in awarding monetary damages to Plaintiff/Appellee Trustee John Patrick Lowe from Appellant Nelson; and

C. Whether the Bankruptcy Court erred in finding that Plaintiff/Appellee Trustee John Patrick Lowe was not precluded from recovery based on Appellant Nelson's good faith affirmative defense.

*ECF No. 8 at 4–5*.

**A. Whether the Bankruptcy Court erred in finding that the transfer of property between Appellants Jack Strange and Robyn Lynn Miller-Strange and Appellant Nelson was fraudulent**

Before addressing Appellant Nelson's arguments as to the property transfer from Appellants Jack Strange and Robyn Lynn Miller-Strange, the Court provides an overview of the legal landscape governing fraudulent transfers.

Section 544(b) of the Bankruptcy Code allows the trustee to step into a creditor's shoes to avoid "any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law," including state fraudulent-transfer statutes. 11 U.S.C. § 544(b). In Texas, the applicable state law is the Texas Uniform Fraudulent Transfers Act ("TUFTA"), Tex. Bus. & Com. Code § 24.001 *et seq.* TUFTA recognizes two categories of voidable fraudulent transfers: actually fraudulent transfers, *id.* § 24.005(a)(1), and constructively fraudulent transfers, *id.* §§ 24.005(a)(2), 24.006(a).

A transfer is actually fraudulent "if the debtor made the transfer . . . with actual intent to hinder, delay, or defraud any creditor of the debtor." *Id.* § 24.005(a)(1). TUFTA supplies a non-exclusive list of eleven "badges of fraud" that indicate whether a debtor actually intended to defraud creditors under TUFTA. *In re Soza*, 542 F.3d 1060, 1066 (5th Cir. 2008). Specifically, Section 24.005(b) of the Texas Business & Commerce Code states:

> In determining actual intent under [§ 24.005(a)(1)], consideration may be given, among other factors, to whether:
>
> (1) the transfer or obligation was to an insider;
>
> (2) the debtor retained possession or control of the property transferred after the transfer;
>
> (3) the transfer or obligation was concealed;
>
> (4) before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit;
>
> (5) the transfer was of substantially all the debtor's assets;
>
> (6) the debtor absconded;
>
> (7) the debtor removed or concealed assets;
>
> (8) the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred;
>
> (9) the debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred;
>
> (10) the transfer occurred shortly before or shortly after a substantial debt was incurred; and
>
> (11) the debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor.

*In re Soza*, 542 F.3d at 1066 n.5 (citing Tex. Bus. & Com. Code § 24.005(b)). "Not all, or even a majority, of the 'badges of fraud' must exist to find actual fraud." *Id*., 542 F.3d. at 1067. Hence, "'[w]hen several of these indicia of fraud are found, they can be a proper basis for an inference of fraud.'" *Id.* (quoting *Roland v. United States*, 838 F.2d 1400, 1403 (5th Cir. 1988)).

At trial, the Bankruptcy Court concluded the property transfer from Appellants Jack Strange and Robyn Lynn Miller-Strange to Appellant Nelson constituted an actually fraudulent

transfer under § 24.005(a)(1) based on the first, third, ninth, and tenth "badges of fraud" listed above. *See ECF No. 3-2 at 618–629*.

In her brief, Appellant Nelson appears to admit there is evidence of two of these badges, the first and the tenth, as she only argues that there is insufficient evidence of the third badge (concealment) and the ninth badge (insolvency). *ECF No. 8 at 13–14*.

The Court first notes there is no bright-line rule that more than two badges of fraud must be found. *See Williams v. Houston Plants & Garden World, Inc.*, No. 4:11-CV-02545, 2014 WL 3665764 at *7–8 (S.D. Tex. July 22, 2014*)* (collecting cases and finding they do not stand for a "bright-line" rule that three or fewer badges of fraud is insufficient).

As to the third badge (concealment), the evidence presented at the trial supported a finding the property was concealed. The Bankruptcy Court found it "undisputed that [Appellants Jack Strange and Robyn Lynn Miller-Strange] did not include the [Fraudulent State Court Lawsuit] in their bankruptcy Schedules and State of Financial Affairs that [they] signed under oath. These documents had not been amended by trial and remain unamended to this date . . . This omission is a concealment of the transfer and demonstrates a badge of fraud." *ECF No. 3-2 at 649–650*.

Upon review of the "Statement of Stipulated Facts" contained in the parties' Proposed Joint Pre-Trial Order, the parties stipulated "[t]he Debtors [Appellants Jack Strange and Robyn Lynn Miller-Strange] did not list the Fraudulent State Court Lawsuit in its bankruptcy schedules." *Id. at 304*. While Appellant Nelson contends the property transfer was not concealed because (1) Appellant Jack Strange informed Jeff Brymer of the transfer and (2) the transfer was recorded pursuant to the Texas Property Code, Appellant Nelson fails to explain how this un-

dermines Appellants Jack Strange and Robyn Lynn Miller-Strange's duties to disclose "a schedule of assets and liabilities" pursuant to 11 U.S.C. § 521. *ECF No. 8 at 16–17*.

Accordingly, the trial evidence was sufficient to support the Bankruptcy Court's findings.

Regarding the ninth badge (insolvency), the evidence presented at the trial also supported a finding Appellant Jack Strange was insolvent at the time of the property transfer. The Bankruptcy Court found:

> At trial, Strange testified that in June 2018 through July 2018, he had "no income" and "had gone through all savings" which prompted the sale to the stepmother [Appellant Nelson]. (Trial Transcript at 154, ln. 35). Strange testified that he discussed selling the property with Davey Nelson, his business partner, and stated that he "had no money at the time," "was out of work," and "was happy with walking away with a hundred thousand dollars." (Trial Transcript at 156, lns. 13–14).

*ECF No. 3-2 at 625*. Upon review of the Trial Transcript, these are accurate statements from Appellant Jack Strange's testimony. *Id. at 554–556*. While Appellant Nelson contends the Bankruptcy Court erred "in finding that [Appellants Jack Strange and Robyn Lynn Miller-Strange] 'became insolvent as a result of' the underlying sale of real property," the Court notes Section 24.005(b) requires a finding "the debtor was insolvent ***or*** became insolvent shortly after the transfer was made or the obligation was incurred." Tex. Bus. & Com. Code § 24.005(b) (emphasis added).

The Court further notes in Appellant Nelson's brief she explicitly states "[Appellant Jack] Strange was insolvent whenever the Property was transferred to [Appellant] Nelson—and even remained insolvent after the fact." *ECF No. 8 at 19*. Therefore, Appellant Nelson admits to Appellants Jack Strange and Robyn Lynn Miller-Strange being insolvent at the time of the property transfer in her own brief.

Accordingly, the trial evidence was sufficient to support the Bankruptcy Court's findings.

**B. Whether the Bankruptcy Court erred in awarding monetary damages to Plaintiff/Appellee Trustee John Patrick Lowe from Appellant Nelson**

In her brief, citing only the definition of "equity" from Black's Law Dictionary, Appellant Nelson argues equitable principles support her position that the Bankruptcy Court erred in awarding monetary damages to Plaintiff/Appellee Trustee John Patrick Lowe from Appellant Nelson. *ECF No. 8 at 19*. Appellant Nelson argues:

> In this case, it cannot be seen as fair, just, and right to have Appellant Nelson purchase the property from Appellants Strange for a reasonably equivalent price that was not an "impermissible 'sweetheart deal'" to then have her have a Judgment against her to pay the creditors o[f] Appellants Strange. ECF 47: Pages 23-24, 28. This would essentially equate to her paying double damages and be against the principles of equity.

*Id.* Because this is the extent of Appellant Nelson's argument, it is unclear to the Court what, if any, "double damages" Appellant Nelson claims she is subject to. *Id*.

Pursuant to 11 U.S.C. § 550(a)(1), once a trustee has successfully avoided a fraudulent transfer under 11 U.S.C. § 544, "the trustee may recover, for the benefit of the estate, the property transferred, *or*, if the court so orders, the value of such property" from "the initial transferee" or any "entity for whose benefit such transfer was made." 11 U.S.C. § 550(a)(1) (emphasis added).

As set forth in the Bankruptcy Court's Memorandum Opinion, the Bankruptcy Court found Appellants Jack Strange and Robyn Lynn Miller-Strange made the property transfer to Appellant Nelson with actual intent to hinder, delay or defraud, based on the first, third, ninth, and tenth "badges of fraud." *ECF No. 3-2 at 606–630*.

The Bankruptcy Court's Final Judgment reads it is:

> ORDERED, ADJUDGED and DECREED that pursuant to the Texas Business and Commerce Code ("TUFTA") section 24.005(a)(1), as incorporated into Bankruptcy Code Section 544, that the transfer from the Debtors to Defendant Nelson

> is voided as an actual fraudulent transfer based on badges of fraud as set forth in the Opinion.
>
> ORDERED, ADJUDGED and DECREED that pursuant to Bankruptcy Code Section 550, the Trustee may recover a money judgment in the amount of $300,000 plus fees and costs from Defendant Nelson, with proceeds therefrom for the benefit of the creditors of the Debtors' bankruptcy estates.

*ECF No. 3-2 at 663–665*.

As stated, 11 U.S.C. § 550(a)(1) permits this, allowing Plaintiff/Trustee John Patrick Lowe "to recover, for the benefit of the estate, the property transferred, *or*, if the court so orders, the value of such property." Regarding valuation, the Bankruptcy Court received multiple appraisals and ultimately found "that the property is worth $300,000." *ECF No. 3-2 at 627*.

The Court further observes that on August 21, 2024, subsequent to trial, the Bankruptcy Court held a hearing on Appellants Jack Strange and Robyn Lynn Miller-Strange's Motion to Amend Judgment to Correct Clerical Error and Appellant Nelson's Motion to Make Additional Findings of Facts and Conclusions of Law. *ECF No. 7-1*; *see also* Adv. No. 23-05041, *ECF Nos. 63*, *64*. At the hearing, in an exchange with Appellant's counsel, the Bankruptcy Court stated the following about the Bankruptcy Court's Final Judgment:

> I think the intent of the judgment is exactly what the Court ordered, which is you get a judgment, you abstract it, then you try and collect on it; and at the end of the day, [Appellant] Nelson retains the property, she gets the benefit of having paid off the bank, but she's stuck with a $300,000 judgment.

*ECF No. 7-1 at 76*.

To the extent there remains any confusion[2] regarding the Bankruptcy Court's Final Judgment, the Court finds no error on the part of the Bankruptcy Court. There is no dispute that

---

[2] Under § 544(b), "the trustee may avoid *any* transfer of an interest of the debtor that is voidable under applicable law by a creditor holding an unsecured claim . . . " 11 U.S.C. § 544 (emphasis supplied). A claim under § 544(b) allows a trustee in bankruptcy to step into the shoes of a creditor holding an unsecured claim and void transfers that are voidable under applicable state law.

Appellant Nelson was the initial transferee and beneficial recipient of the property transfer and that Plaintiff/Appellee Trustee John Patrick Lowe initiated his Amended Complaint under 11 U.S.C. § 544 and 11 U.S.C. § 550. Therefore, Plaintiff/Appellee Trustee John Patrick Lowe demonstrated his entitlement to the fair market value of the property, $300,000 plus fees and costs, as determined by the Bankruptcy Court.

Accordingly, because the Court holds that the Bankruptcy court did not err in awarding monetary damages to Plaintiff/Appellee Trustee John Patrick Lowe from Appellant Nelson, this issue is affirmed.

**C. Whether the Bankruptcy Court erred in finding that Plaintiff/Appellee Trustee John Patrick Lowe was not precluded from recovery based on Appellant Nelson's good faith affirmative defense**

In her brief, Appellant Nelson argues the Bankruptcy Court erred in finding that Appellee Trustee John Patrick Lowe was not precluded from recovery based on Appellant Nelson's good faith affirmative defense under Section 24.009(a) of the Texas Business and Commerce Code. *ECF No. 8 at 20*.

A transfer is not voidable under TUFTA against a transferee who took "in good faith and for a reasonably equivalent value or against any subsequent transferee or obligee." Tex. Bus. & Com. Code § 24 .009(a). Good faith is thus an affirmative defense on which the person asserting it bears the burden of proof. *Hahn v. Love,* 321 S.W.3d 517, 526 (Tex. App.—Houston [1st Dist.] 2009, pet. denied). When a transferee is an insider and knows the transferor is insolvent at

---

. . .

> What defines the limits of such a claim? It is the Bankruptcy Code. The available recoveries and liabilities for an avoided transfer under § 544(b) designated in § 550 are telling. In § 550, the trustee may recover for the benefit of the estate, the property transferred or the value of the property. 11 U.S.C. § 550. The latter option for recovery allows the trustee to avoid the *effects* of such a property transfer as to the bankruptcy estate by recouping its value; this is done without ever invalidating or otherwise affecting the actual transfer itself.

*In re Cyrus II Partn.,* 413 B.R. 609, 618–619 (Bankr. S.D. Tex. 2008).

the time of transfer, he or she cannot be a good faith transferee. *Hahn v. Love,* 394 S.W.3d 14, 30 (Tex. App.—Houston [1st Dist.] 2012, pet. denied).

Upon review of the Trial Transcript Appellant Nelson offered substantially no evidence to meet her good faith burden. *See ECF No. 3-2 at 460–472*. At trial, on cross-examination, the following exchange occurred with Appellant Nelson:

> Q: Can you explain to the Court why you then wanted to transfer that money [$303,890.50] into the peanut factory?
>
> A: To settle the – that was the price of the loan. I mean, that was the total amount of the loan plus the closing costs.

*ECF No. 3-2 at 465*. Therefore, while Appellant Nelson argues in her brief that she "testified that she did not know of [Appellant Jack] Strange's financial situation or business dealing," the Court finds this to be a misrepresentation. *ECF No. 8 at 20*. Appellant Nelson, at the least, had some knowledge of Appellant Jack Strange's loan obligation based on her testimony. This is plausible as Appellant Nelson is a closely related insider, the stepmother of Appellant Jack Strange's business partner Davey Nelson. *ECF No. 3-2 at 464*. Appellant Nelson further testified Appellant Jack Strange and Davey Nelson were in business together and that following the property transfer she planned to give Davey Nelson a loan to purchase the property. *Id. at 465*.

In reviewing findings of fact, the district court must not weigh the evidence anew but rather determine whether the evidence supports the bankruptcy court's findings and set them aside only if there is a "definite and firm conviction that a mistake has been committed." *In re Dennis*, 330 F.3d 696, 701 (5th Cir. 2003). If the bankruptcy court's finding is plausible in light of the record viewed as a whole, the district court should not reverse even if it would have weighed the evidence differently. *Bertucci Contracting Corp. v. M/V ANTWERPEN*, 465 F.3d 254, 258 (5th Cir. 2006). "'Where there are two permissible views of the evidence, the factfinder's choice

between them cannot be clearly erroneous.'" *Id.* (quoting *Anderson v. Bessemer City,* 470 U.S. 564, 574 (1985)). The bankruptcy judge's opportunity to make first-hand credibility determinations entitles its assessment of witness testimony to particular deference. *Id.; see also Firstbank v. Pope,* 141 B.R. 115, 118 (E.D. Tex. 1992), *aff'd*, 979 F.2d 1534 (5th Cir. 1992).

Accordingly, the trial evidence was sufficient to support the Bankruptcy Court's findings.

## II. Appellants Jack Carroll Strange Jr. and Robyn Lynn Miller-Strange

The issues raised by Appellants Jack Strange and Robyn Lynn Miller-Strange in their brief are:

A. Whether the Bankruptcy Court erred in finding Appellants Jack Strange and Robyn Lynn Miller-Strange concealed the property transfer under Texas Business and Commerce Code § 24.005(b)(3);

B. Whether the Bankruptcy Court erred in finding Appellants Jack Strange and Robyn Lynn Miller-Strange became insolvent as a result of the underlying sale of real property under Texas Business and Commerce Code § 24.005(b)(9);

C. Whether—if the Bankruptcy Court erred in its findings on the issues of concealment and resulting insolvency—the Bankruptcy Court also erred in concluding that the transaction constituted a fraudulent transfer under Texas Business and Commerce Code § 24.005(a)(1); and

D. Whether the Bankruptcy Court erred by declaring the subject conveyance void *and* awarding compensatory damages to Plaintiff/Appellee Trustee John Patrick Lowe.

*ECF No. 9 at 5–7.*

### A. Whether the Bankruptcy Court erred in finding Appellants Jack Strange and Robyn Lynn Miller-Strange concealed the property transfer under Texas Business and Commerce Code § 24.005(b)(3)

Before addressing Appellants Jack Strange and Robyn Lynn Miller-Strange's arguments, the Court observes Appellants Jack Strange and Robyn Lynn Miller-Strange share counsel with Appellant Nelson and, as such, also share several overlapping arguments.

As to the third badge (concealment), like the Court already found above, the evidence presented at the trial supported a finding the property was concealed. Again, the Bankruptcy Court found it "undisputed that [Appellants Jack Strange and Robyn Lynn Miller-Strange] did not include the [Fraudulent State Court Lawsuit] in their bankruptcy Schedules and State of Financial Affairs that [they] signed under oath. These documents had not been amended by trial and remain unamended to this date . . . This omission is a concealment of the transfer and demonstrates a badge of fraud." *ECF No. 3-2 at 649–650*.

Upon review of the "Statement of Stipulated Facts" contained in the parties' Proposed Joint Pre-Trial Order, the parties stipulated "[t]he Debtors [Appellants Jack Strange and Robyn Lynn Miller-Strange] did not list the Fraudulent State Lawsuit in its bankruptcy schedules." *Id. at 304*. While Appellants Jack Strange and Robyn Lynn Miller-Strange contend the property transfer was not concealed because (1) "[a]t the time [they] filed bankruptcy, the Trustee's predecessor-in-interest[3] knew about the transfer" and (2) the transfer was recorded pursuant to the Texas Property Code, Appellants Jack Strange and Robyn Lynn Miller-Strange fail to explain how this undermines their duties to disclose "a schedule of assets and liabilities" pursuant to 11 U.S.C. § 521. *ECF No. 8 at 16–17*.

Accordingly, the trial evidence was sufficient to support the Bankruptcy Court's findings.

**B. Whether the Bankruptcy Court erred in finding Appellants Jack Strange and Robyn Lynn Miller-Strange became insolvent as a result of the underlying sale of real property under Texas Business and Commerce Code § 24.005(b)(9)**

Regarding the ninth badge (insolvency), like the Court already found above, the evidence presented at the trial also supported a finding Appellant Jack Strange was insolvent at the time of the property transfer. Again, the Bankruptcy Court found:

[3] The Court is left to presume Appellants Jack Strange and Robyn Lynn Miller Strange refer to Jeff Brymer.

> At trial, Strange testified that in June 2018 through July 2018, he had "no income" and "had gone through all savings" which prompted the sale to the stepmother. (Trial Transcript at 154, ln. 35). Strange testified that he discussed selling the property with Davey Nelson, his business partner, and stated that he "had no money at the time," "was out of work," and "was happy with walking away with a hundred thousand dollars." (Trial Transcript at 156, lns. 13–14).

*ECF No. 3-2 at 625*. Upon review of the Trial Transcript, these are accurate statements from Appellant Jack Strange's testimony. *Id. at 554–556*. While Appellants Jack Strange and Robyn Lynn Miller-Strange contend the Bankruptcy Court erred "in finding that [Appellants Jack Strange and Robyn Lynn Miller-Strange] 'became insolvent as a result of'" the property transfer, the Court notes Section 24.005(b) requires a finding "the debtor was insolvent ***or*** became insolvent shortly after the transfer was made or the obligation was incurred." Tex. Bus. & Com. Code § 24.005(b) (emphasis added).

The Court further notes in Appellants Jack Strange and Robyn Lynn Miller-Strange's brief they explicitly state "[t]he fact that they were already insolvent at the time of the transfer . . . does not make the transaction fraudulent." *ECF No. 9 at 17*. Therefore, Appellants Jack Strange and Robyn Lynn Miller-Strange admit to being insolvent at the time of the property transfer in their own brief.

Accordingly, the trial evidence was sufficient to support the Bankruptcy Court's findings.

**C. Whether—if the Bankruptcy Court erred in its findings on the issues of concealment and resulting insolvency—the Bankruptcy Court also erred in concluding that the transaction constituted a fraudulent transfer under Texas Business and Commerce Code § 24.005(a)(1)**

Because the Court already found the Bankruptcy Court did not err in its findings on the third badge (concealment) and ninth badge (insolvency), the Court further finds the Bankruptcy Court did not err in concluding the property transfer constituted an actually fraudulent transfer under Texas Business and Commerce Code § 24.005(a)(1).

**D. Whether the Bankruptcy Court erred by declaring the subject conveyance void *and* awarding compensatory damages to Plaintiff/Appellee Trustee John Patrick Lowe**

Because the Court already found—in its discussion of Appellant Nelson's equity argument on "double damages"—that the Bankruptcy Court did not err in its application of 11 U.S.C. § 550(a)(1), the Court need not address this duplicative argument. *See above*.

**CONCLUSION**

For the reasons stated herein, the decisions of the Bankruptcy Court are **AFFIRMED**. The Court Clerk is **DIRECTED** to close the appeals in the following cases:

**Case No. 5:24-CV-00995-JKP**

**Case No. 5:24-CV-01003-JKP**

It is so ORDERED.
SIGNED this 17th day of September, 2025.

JASON PULLIAM
UNITED STATES DISTRICT JUDGE