UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

IN RE:

JACK CARROLL STRANGE JR. AND                Bankruptcy Case No. 22-50678-CAG
ROBYN LYN MILLER-STRANGE

    *Debtors.*

_____

AIDA MARGARITA NELSON,

    *Appellant*,

v.                                          Case No. 5:24-CV-00995-JKP

JOHN PATRICK LOWE,
CHAPTER 7 TRUSTEE,

    *Appellee.*


JACK CARROLL STRANGE JR. AND
ROBYN LYNN MILLER STRANGE,

    *Appellants*,

v.                                          Case No. 5:24-CV-01003-JKP

JOHN PATRICK LOWE,
CHAPTER 7 TRUSTEE,

    *Appellee.*


                   **(Consolidated Appeals from Memorandum
Opinion and Judgment in Adversary Proceeding
No. 23-05041-CAG)**

_____

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is Appellants Jack Strange and Robyn Lynn Miller-Strange's ("Appellants Jack and Robyn Strange") Motion for Rehearing, (*ECF No. 20*). After due consideration, Appellants Jack and Robyn Strange's Motion for Rehearing, (*ECF No. 20*), will be denied.

## BACKGROUND

For a summary of this case, the Court directs the parties and any reviewing court to the Court's September 17, 2025, Memorandum Opinion and Order. *ECF No. 18*. There, the Court extensively detailed the factual background and procedural history of this matter. *See id*. at 2–6

## LEGAL STANDARD

Bankruptcy Rule 8022 requires a motion for rehearing to "state with particularity each point of law or fact that the movant believes the district court . . . has overlooked or misapprehended and must argue in support of the motion." Fed. R. Bankr. P. 8022(a)(2). Rule 8022 does not define when rehearing is appropriate, but the Fifth Circuit stated in an unpublished opinion that "a [rehearing] motion may be granted to correct a 'mistaken use of facts or law' in the prior decision." *In re Mar. Commc'ns/Land Mobile L.L.C.*, 745 F. App'x 561, 562 (5th Cir. 2018) (per curiam); *see also In re Coleman*, No. 15-569, 2015 WL 7101129, at *1 (E.D. La. Nov. 13, 2015) ("[T]he standard is simply whether the Court would have reached a different result had it been aware of its mistaken use of facts or law.").

## ANALYSIS

Relevant here, the Court reproduces the following portion of its September 17, 2025, Memorandum Opinion and Order:

> Section 544(b) of the Bankruptcy Code allows the trustee to step into a creditor's shoes to avoid "any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law," including state fraudulent-transfer statutes. 11 U.S.C. § 544(b). In Texas, the applicable state law

2

is the Texas Uniform Fraudulent Transfers Act ("TUFTA"), Tex. Bus. & Com. Code § 24.001 *et seq.* TUFTA recognizes two categories of voidable fraudulent transfers: actually fraudulent transfers, *id.* § 24.005(a)(1), and constructively fraudulent transfers, *id.* §§ 24.005(a)(2), 24.006(a).

A transfer is actually fraudulent "if the debtor made the transfer . . . with actual intent to hinder, delay, or defraud any creditor of the debtor." *Id.* § 24.005(a)(1). TUFTA supplies a nonexclusive list of eleven "badges of fraud" that indicate whether a debtor actually intended to defraud creditors under TUFTA. *In re Soza,* 542 F.3d 1060, 1066 (5th Cir. 2008). Specifically, Section 24.005(b) of the Texas Business & Commerce Code states:

In determining actual intent under [§ 24.005(a)(1)], consideration may be given, among other factors, to whether:

(1)     the transfer or obligation was to an insider;

(2)     the debtor retained possession or control of the property transferred after the transfer;

(3)     the transfer or obligation was concealed;

(4)     before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit;

(5)     the transfer was of substantially all the debtor's assets;

(6)     the debtor absconded;

(7)     the debtor removed or concealed assets;

(8)     the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred;

(9)     the debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred;

(10)    the transfer occurred shortly before or shortly after a substantial debt was incurred; and

(11)    the debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor.

*In re Soza,* 542 F.3d at 1066 n.5 (citing Tex. Bus. & Com. Code § 24.005(b)). "Not all, or even a majority, of the 'badges of fraud' must exist to find actual

fraud." *Id.*, 542 F.3d. at 1067. Hence, "'[w]hen several of these indicia of fraud are found, they can be a proper basis for an inference of fraud.'" *Id.* (quoting *Roland v. United States,* 838 F.2d 1400, 1403 (5th Cir. 1988)).

At trial, the Bankruptcy Court concluded the property transfer from Appellants Jack Strange and Robyn Lynn Miller-Strange to Appellant Nelson constituted an actually fraudulent transfer under § 24.005(a)(1) based on the first, third, ninth, and tenth "badges of fraud" listed above. *See ECF No. 3-2 at 618–629.*

In her brief, Appellant Nelson appears to admit there is evidence of two of these badges, the first and the tenth, as she only argues that there is insufficient evidence of the third badge (concealment) and the ninth badge (insolvency). *ECF No. 8 at 13–14.*

*ECF No. 20 at 7–9.* Ultimately, this Court concluded the evidence presented at the trial supported a finding as to the third badge (concealment) and the ninth badge (insolvency) and affirmed the Bankruptcy Court's decisions. *See, generally, id.*

Now, Appellants Jack and Robyn Strange argue even if the evidence is sufficient as to the third badge (concealment) and the ninth badge (insolvency) this does not support the conclusion that the transfer was fraudulent under Texas Business and Commerce Code § 24.005(a). *ECF No. 20.* The authorities cited by Appellants Jack and Robyn Strange do not support their proposition. *See id. at 2–4.* Accordingly, the Court therefore would not have reached a different result had it been aware of this case law. *See* Fed. R. Bankr. P. 8022(a)(2).

The Court also mentioned in its Memorandum Opinion and Order that:

[T]here is no bright-line rule that more than two badges of fraud must be found. *See Williams v. Houston Plants & Garden World, Inc.*, No. 4:11-CV-02545, 2014 WL 3665764 at *7–8 (S.D. Tex. July 22, 2014) (collecting cases and finding they do not stand for a "bright-line" rule that three or fewer badges of fraud is insufficient).

*ECF No. 18 at 9.* Thus, even if the Court accepted Appellants Jack and Robyn Strange's proposition, the outcome case would not change because the Bankruptcy Court found—in addition to the third badge (concealment) and the ninth badge (insolvency)—that the transfer was fraudulent

based on first badge (transfer to an insider) and tenth badge (transfer occurred shortly before or shortly after a substantial debt was incurred). *See ECF No. 3-2 at 618–629.*

## CONCLUSION

For the reasons stated herein, Appellants Jack and Robyn Stranges's Motion for Rehearing, (*ECF No. 20*), is **DENIED**.

It is so ORDERED.
SIGNED this 31st day of October, 2025.

JASON  PULLIAM
UNITED STATES DISTRICT JUDGE