**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

IN RE:

JACK CARROLL STRANGE JR. AND          Bankruptcy Case No. 22-50678-CAG
ROBYN LYN MILLER-STRANGE

     *Debtors*.

---

AIDA MARGARITA NELSON,

     *Appellant*,

v.                                     Case No. 5:24-CV-00995-JKP

JOHN PATRICK LOWE,
CHAPTER 7 TRUSTEE,

     *Appellee*.


JACK CARROLL STRANGE JR. AND
ROBYN LYNN MILLER STRANGE,

     *Appellants*,

v.                                     Case No. 5:24-CV-01003-JKP

JOHN PATRICK LOWE,
CHAPTER 7 TRUSTEE,

     *Appellee*.

                           **(Consolidated Appeals from Memorandum**
                  **Opinion and Judgment in Adversary Proceeding**
                             **No. 23-05041-CAG)**

---

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is Appellee John Patrick Lowe's Motion for Attorney's Fees, (*ECF No. 21*), (the "Motion"). None of the Appellants filed a Response. Accordingly, for the reasons below, the Court grants Appellee's Motion.

## BACKGROUND

For a summary of this case, the Court directs the parties and any reviewing court to the Court's September 17, 2025, Memorandum Opinion and Order. *ECF No. 18*. There, the Court extensively detailed the factual background and procedural history of this matter. *See id*. at 2–6. Relevant here, the Court explained:

> The Bankruptcy Court found that under the Texas Uniform Fraudulent Transfers Act ("TUFTA"), Tex. Bus. & Com. Code § 24.001 *et seq.*, as incorporated into Bankruptcy Code § 544, Appellants Jack Strange and Robyn Lynn Miller-Strange fraudulently transferred the Transferred Property to Appellant Nelson. *Id*., *ECF No. 47*. Pursuant to Bankruptcy Code § 550, the Bankruptcy Court awarded Plaintiff/Appellee Trustee John Patrick Lowe a money judgment in the amount of $300,000 plus fees and costs from Appellant Nelson. *Id*., *ECF No. 50*.
>
> On September 4, 2024, Appellants Jack Strange and Robyn Lynn Miller-Strange and Appellant Nelson, respectively, filed Notices of Appeal. Adv. No. 23-05041, *ECF Nos. 70, 72*.

*Id*. at 6. On appeal, the Court affirmed the decisions of the Bankruptcy Court. *Id*. Shortly thereafter, Appellants Jack Strange and Robyn Lynn Miller-Strange filed a Motion for Rehearing, (*ECF No. 20*), which the Court denied, (*see ECF No. 22*). Appellee John Patrick Lowe, as the prevailing party, now seeks reasonable attorney's fees. *See ECF No. 21*.

## LEGAL STANDARDS

"When fee-shifting is authorized, whether by statute or contract, the party seeking a fee award must prove the reasonableness and necessity of the requested attorney's fees." *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 484 (Tex. 2019).

"State law controls both the award of and the reasonableness of fees awarded where state law supplies the rule of decision." *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002). Under Texas law, the movant bears the burden to show the reasonableness of the fees they are owed. *El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 760 (Tex. 2012) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) (applying substantive federal law because it is a federal cause of action but also discussing Texas's adoption of the lodestar method in other cases)). The movant may calculate their reasonable and necessary attorney's fees using either the lodestar method or the market value method. *Id.*; *AMX Enters. v. Master Realty Corp.*, 283 S.W.3d 506, 515 (Tex. App.—Fort Worth 2009, no pet.). Certain causes of action require use of the lodestar method. *City of Laredo v. Montano*, 414 S.W.3d 731, 736 (Tex. 2013). However, even if the law does not require it, if the movant produces evidence of the lodestar calculation, courts typically apply the lodestar calculation. *Id.*

Under the Texas Uniform Fraudulent Transfers Act ("TUFTA"), "the [C]ourt may award costs and reasonable attorney's fees as are equitable and just." Tex. Bus. & Com. Code § 24.013. "This provision of TUFTA gives the trial court the sound discretion to award attorney's fees based on the evidence the trial court heard." *Walker v. Anderson*, 232 S.W.3d 899, 919 (Tex. App.—Dallas 2007, no pet.). "The Court's exercise of this discretion is subject to the following limitations: any fees awarded must be reasonable and necessary, and must also be equitable and just." *Janvey v. Dillon Gage, Inc. of Dallas*, 856 F.3d 377, 392 (5th Cir. 2017).

I.    **Reasonable and Necessary**

3

Using the lodestar analysis, the computation of a reasonable attorney's fee award is a two-step process.[1] *El Apple*, 370 S.W.3d at 760 (citing *Dillard Dep't Stores, Inc. v. Gonzales*, 72 S.W.3d 398, 412 (Tex. App.—El Paso 2002, pet. denied)).

First, courts determine a reasonable hourly rate and the reasonable hours spent by counsel and then multiply the two together to arrive at the base fee or lodestar. *Id.* (citing *Gonzales*, 72 S.W.3d at 412). Second, courts adjust the product of the lodestar calculation up or down "if relevant factors indicate an adjustment is necessary to reach a reasonable fee in the case." *Id.* The product of the lodestar method is presumptively reasonable. *Id.* at 765.

A court should only modify the lodestar up or down in exceptional cases. *Id.* The Texas Supreme Court measures the reasonableness and necessity of fees by applying the *Arthur Andersen* factors. *E.g.*, *Janvey v. GMAG LLC,* No. 3:15-CV-00401, 2021 WL 4059951, at *1–2 (N.D. Tex. Aug. 4, 2021), *aff'd sub nom. Janvey v. GMAG, L.L.C.*, No. 21-10483, 2022 WL 4102067 (5th Cir. Sept. 7, 2022). The relevant factors ("*Arthur Andersen* factors") are:

(1)    the time and labor required, the novelty and difficulty of the questions, involved, and the skill required to perform the legal service properly;

(2)    the likelihood . . . that the acceptance of the particular employment will preclude other employment by the lawyer;

(3)    the fee customarily charged in the locality for similar legal services;

(4)    the amount involved and the results obtained;

(5)    the time limitations imposed by the client or by the circumstances;

(6)    the nature and length of the professional relationship with the client;

(7)    the experience, reputation, and ability of the lawyer or lawyers performing the services; and

---

[1] Although state law applies, Texas courts occasionally "draw on the far greater body of federal court experience with lodestar." *El Apple*, 370 S.W.3d at 764–65.

(8)    whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.[2]

*Id.* (citing *Rohrmoos*, 578 S.W.3d at 469 (applying the *Arthur Andersen* factors to determine the reasonableness of fees requested under Tex. Bus. & Com. Code § 24.013)).

**II.    Equitable and Just**

To determine whether a fee award is equitable and just, courts in the Fifth Circuit look to the following factors:

(1)    whether the case involved egregious conduct;

(2)    whether an award of fees accomplishes the goals of TUFTA;

(3)    the evidence heard by the trial court; and

(4)    evidence of bad faith, vexation, wantonness, oppression, or harassment relating to the filing or the maintenance of the action.

*Janvey v. Dillon Gage*, 856 F.3d at 393 (cleaned up).

### ANALYSIS

Having articulated the legal standards governing this matter, the Court now turns to the adequacy of Appellee John Patrick Lowe's ("Lowe") Motion for Attorney's Fees, (*ECF No. 21*), (the "Motion"). In the Motion, Lowe requests $7,621.00 in attorney's fees and conditional appellate fees in the event this case is unsuccessfully appealed to the Court of Appeals for the Fifth Circuit. *ECF No. 21* at 4. Lowe attaches to the Motion an Affidavit of Michael Flume addressing the reasonableness and necessity of the fees by applying the *Arthur Anderson* factors, an Invoice, and a Brief in support. *Id.* at 3*; ECF Nos. 21-1; 21-2; 21-3*.

---

[2] The *Arthur Andersen* factors are the factors Texas courts use to modify the baseline lodestar figure. *See Rohrmoos*, 578 S.W.3d at 500. But as the Texas Supreme Court has recognized, the *Arthur Andersen* factors also overlap with the underlying lodestar calculus. Indeed, as the Texas Supreme Court observed in *Rohrmoos*, "[l]ike [the Fifth Circuit], we recognize that the base lodestar figure accounts for most of the relevant *Arthur Andersen* considerations. And an enhancement or reduction of the base lodestar figure cannot be based on a consideration that is subsumed in the first step of the lodestar method." *Id.* (internal citations omitted).

## I.    Reasonable and Necessary

### A.  The Lodestar Calculation

The Court begins with the base calculation: *Rate x Time = Presumptively Reasonable.* *See Rohrmoos*, 578 S.W.3d at 497–98 ("the fact finder's starting point for calculating an attorney's fee award is determining the reasonable hours worked multiplied by a reasonable hourly rate"). This base lodestar calculation, when supported by sufficient evidence, reflects presumptively reasonable and necessary attorney's fees. *Id.* at 499.

### 1.    Reasonable Hourly Rate

The reasonable hourly rate is the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984). "The fee applicant bears the burden to prove by competent evidence that the requested rate is reasonable." *Powell v. Comm'r*, 891 F.2d 1167, 1173 (5th Cir. 1990). Typically, parties establish the reasonable hourly rate through affidavits of other attorneys practicing in the community. *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002). However, "[t]he affidavits of counsel may alone be sufficient proof" to establish the reasonable hourly rate. *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 491 (5th Cir. 2012). The trial court itself is also considered an expert as to the reasonableness of attorney's fees and therefore may exercise its own expertise and judgment in making an independent valuation of appropriate attorney's fees. *See Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004).

Here, the Affidavit of Michael Flume and the Invoice accompanying the Motion outline the fee and number of hours that two separate attorneys spent working on this action. *ECF No. 21-1* at 2*; ECF No. 21-2*. For his legal services, Michael Flume billed at a rate of $355.00 per

hour, and Shelley Flume billed at a rate of $300.00 per hour. *ECF No. 21-1* at 2. Per the Affidavit, these rates are "appropriate and reasonable for the training and experience of each respective attorney . . . and are customarily charged in the locality of Bexar County and the Western District of Texas for similar legal service[s]." *Id.* at 4. The Court adds that each of the respective attorneys has been licensed to practice law in Texas for approximately forty (40) years. *Id.* at 2–3.

Considering "[t]he affidavits of counsel may alone be sufficient proof" to establish the reasonable hourly rate, the Court finds the Affidavit is sufficient evidence of the prevailing market rate in this case. *See Smith & Fuller, P.A.*, 685 F.3d at 491. The Court adds that these rates are consistent with the market hourly rate of attorney's fees for bankruptcy practitioners in the Texas market.[3] Accordingly, Michael Flume and Shelley Flume both billed reasonable rates in line with the prevailing local market rate.

## 2. Reasonable Hours Expended

Next, the Court turns to the number of hours that Michael Flume and Shelly Flume billed in this matter. The party seeking reimbursement of attorney's fees also bears the burden of establishing the number of hours expended by presenting adequately recorded time records as evidence. *See Riley v. City of Jackson, Miss.*, 99 F.3d 757, 760 (5th Cir. 1996). The Court should only include those hours reasonably expended, and exclude any time that is excessive, duplicative, unnecessary, or inadequately documented. *Id.* To prove reasonable hours, the party seeking to recover attorney's fees "should include the basic facts underlying the lodestar, which are: (1) the nature of the work, (2) who performed the services and their rate, (3) approximately when the

---

[3] *See, e.g., In re John and Christine Grabow*, Cause No. 09–52814 (W.D. Bankr.) (finding a $400 rate for representation of a Bankruptcy Trustee in bankruptcy related litigation to be a reasonable charge). *Natour v. Bank of Am., N.A.*, No. 4:21-CV-00331, 2022 WL 3581396, at *3–4 (E.D. Tex. Aug. 19, 2022) (finding a $385.00 hourly rate to be a reasonable charge); *Advanced Physicians, S.C. v. Conn. Gen. Life Ins. Co.*, No. 3:16-CV-02355, 2021 WL 6428370, at *6 (N.D. Tex. Dec. 17, 2021) (finding a range from $537.00 to $862.00 per hour to be reasonable rates); *see also Tech Pharm. Servs., LLC v. Alixa Rx LLC*, 298 F. Supp. 3d 892, 906–07 (E.D. Tex. 2017) (finding a range from $450.00 to $860.00 per hour to be reasonable rates).

services were performed, and (4) the number of hours worked." *Rohrmoos*, 578 S.W.3d at 494–95 (citing *El Apple*, 370 S.W.3d at 762–63).

Here, the Invoice reflects that Michael Flume and Shelley Flume billed 14.20 hours and 8.60 hours, respectively, to this matter. *ECF No. 21-2*. The Invoice contains a full billing break-down for this matter, with each hour accounted for. *Id*. Each entry is accompanied by a brief summary of services performed and who performed those services *Id*. In total, the Invoice con-tains eighteen (18) entries from September 4, 2024, through September 17, 2025, each contain-ing a summary description of services rendered, how many hours were billed on that service, and who performed the service. *Id*. Accordingly, the Court finds the descriptions in the Invoice are sufficient to establish reasonableness under lodestar. Indeed, in the Fifth Circuit,

> [W]e are mindful that practical considerations of the daily practice of law in this day and age preclude "writing a book" to describe in excruciating detail the pro-fessional services rendered for each hour or fraction of an hour. We also recog-nize that, in this era of computerized timekeeping, many data processing pro-grams limit the amount of input for any given hourly or daily entry.

*Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 327 (5th Cir. 1995). Using the basic calculation, multiplying the reasonable hourly rate by the reasonable number of hours spent on this matter, the lodestar amount is $7,621.00, broken down as follows:

**Michael Flume:**    **14.20 hours x $355 = $5,041.00**

**Shelley Flume:**    **8.60 hours x $300 = $2,580.00**

**Total:**         **$7,621.00**

*See ECF No. 21-2*.

### 3.    The *Arthur Andersen Factors*

Considering there is a "'strong presumption' that the lodestar figure is reasonable," the Court declines to disturb it in this case. *See Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554

(2010) (noting that "[the] presumption may be overcome in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee."). The Court adds that counsel does not seek to enhance the lodestar. Accordingly, the Court finds the *Arthur Andersen* factors do not warrant deviation from the $7,621.00 lodestar calculation.

## II.   Equitable and Just

Finally, after review of the factors as outlined in *Janvey*, the Court finds that a fee award would be equitable and just because an award of reasonable fees would accomplish the goals of TUFTA. In analyzing whether attorney's fees should be awarded in this context courts have stated:

> A bankruptcy trustee pursues the recovery of avoidable transfers on behalf of a bankruptcy estate to ensure that no single creditor receives a disproportionate share of a debtor's available assets. It would be an injustice to force creditors to pay for the right to be treated equally under the law.

*In re Edwards*, 537 B.R. 797, 806 (Bankr. S.D. Tex. 2015). Indeed, it would be inequitable to require Lowe to prove actual fraud under TUFTA without compensation for the arguments therein. As such, the Court finds Appellee is entitled to recover his reasonable attorney's fees.

Relevant here, the Court reproduces the following portion of its September 17, 2025, Memorandum Opinion and Order summarizing how this case has proceeded:

> Section 544(b) of the Bankruptcy Code allows the trustee to step into a creditor's shoes to avoid "any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law," including state fraudulent-transfer statutes. 11 U.S.C. § 544(b). In Texas, the applicable state law is the Texas Uniform Fraudulent Transfers Act ("TUFTA"), Tex. Bus. & Com. Code § 24.001 *et seq.* TUFTA recognizes two categories of voidable fraudulent transfers: actually fraudulent transfers, *id.* § 24.005(a)(1), and constructively fraudulent transfers, *id.* §§ 24.005(a)(2), 24.006(a).

> A transfer is actually fraudulent "if the debtor made the transfer . . . with actual intent to hinder, delay, or defraud any creditor of the debt-

9

or." *Id.* § 24.005(a)(1). TUFTA supplies a nonexclusive list of eleven "badges of fraud" that indicate whether a debtor actually intended to defraud creditors under TUFTA. *In re Soza,* 542 F.3d 1060, 1066 (5th Cir. 2008). Specifically, Section 24.005(b) of the Texas Business & Commerce Code states:

In determining actual intent under [§ 24.005(a)(1)], consideration may be given, among other factors, to whether:

(1)    the transfer or obligation was to an insider;

(2)    the debtor retained possession or control of the property transferred after the transfer;

(3)    the transfer or obligation was concealed;

(4)    before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit;

(5)    the transfer was of substantially all the debtor's assets;

(6)    the debtor absconded;

(7)    the debtor removed or concealed assets;

(8)    the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred;

(9)    the debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred;

(10)   the transfer occurred shortly before or shortly after a substantial debt was incurred; and

(11)   the debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor.

*In re Soza,* 542 F.3d at 1066 n.5 (citing Tex. Bus. & Com. Code § 24.005(b)). "Not all, or even a majority, of the 'badges of fraud' must exist to find actual fraud." *Id.,* 542 F.3d. at 1067. Hence, "'[w]hen several of these indicia of fraud are found, they can be a proper basis for an inference of fraud.'" *Id.* (quoting *Roland v. United States,* 838 F.2d 1400, 1403 (5th Cir. 1988)).

At trial, the Bankruptcy Court concluded the property transfer from Appellants Jack Strange and Robyn Lynn Miller-Strange to Appellant Nelson constituted an

actually fraudulent transfer under § 24.005(a)(1) based on the first, third, ninth, and tenth "badges of fraud" listed above. *See ECF No. 3-2 at 618–629.*

In her brief, Appellant Nelson appears to admit there is evidence of two of these badges, the first and the tenth, as she only argues that there is insufficient evidence of the third badge (concealment) and the ninth badge (insolvency). *ECF No. 8 at 13–14.*

*ECF No. 20* at 7–9. Ultimately, this Court concluded the evidence presented at the trial supported a finding as to the third badge (concealment) and the ninth badge (insolvency) and affirmed the Bankruptcy Court's decisions. *See, generally, id.*

## CONCLUSION

For the reasons stated herein, Appellee John Patrick Lowe's Motion for Attorney's Fees, (*ECF No. 21*), is **GRANTED**. Michael Flume and Shelley Flume are awarded attorney's fees in the amount of $7,621.00.

It is therefore **ORDERED** that the Trustee is hereby awarded attorney's fees in the amount of $7,621.00 against Aida Margarita Nelson. It is **FURTHER ORDERED** that the Trustee is granted leave of this Court to file a fee application for additional award of attorney fees in the event that Aida Margarita Nelson and/or the Debtors unsuccessfully appeal to the Court of Appeals for the Fifth Circuit. It is **FURTHER ORDERED** that any and all other relief not expressly granted is hereby DENIED.

It is so ORDERED.
SIGNED this 6th day of March, 2026.

JASON  PULLIAM
UNITED STATES DISTRICT JUDGE